IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV52-1-MU

CHRISTOPHER TAYLOR,           )
                              )
        Plaintiff,            )
                              )
    v.                        )           **O R D E R**
                              )
JACK PIERCE, et al.,          )
                              )
        Defendants.           )
_____)

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed February 5, 2009.

Plaintiff has filed the instant Complaint naming seven prison guards, one nurse, and the sheriff as defendants. Plaintiff begins his Complaint by setting forth a lengthy laundry list of general grievances about the conditions at the Henderson County Jail. For example, Plaintiff complains that the guards at this jail watch television; talk on their cell phones; and are able to eat three meals a day free of charge. Plaintiff also complains that the jail is cold; the jail is not clean enough; the jail is noisy; inmates do not receive receipts from the canteen; inmates' underwear is never washed and uniforms are washed only once a week; food portions are too small; there is no library; legal mail is read; write-ups are arbitrary; the jail lacks clocks; and special housing lacks amenities such as television, books, and magazines.

As Plaintiff does not identify these allegations as specific legal claims, as he does for other allegations later in the Complaint, it is not clear to the Court that Plaintiff intends to assert this long list as causes of action. However, to the extent he does intend to do so, these claims are dismissed.

Many of these allegations fail to state constitutional claims. Moreover, even the allegations that could possibly state claims, are far too general and conclusory to state a claim. While this Court is cognizant of Plaintiff's pro se status and the liberal construction that must be given to his pleadings, Plaintiff provides no particulars whatsoever with regard to his claims. As the Fourth Circuit recently held, "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief." <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009). Consequently, even assuming the veracity of Plaintiff's relevant factual allegations, his conclusory allegations do not plausibly give rise to an entitlement to relief. See <u>Ashcroft v. Iqbal</u>, ---U.S. ----, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions" and stating that a plaintiff in a civil action must do more than make mere conclusory statements to state a claim). Moreover, Plaintiff also fails to connect these general allegations to any particular defendant or in some instances even to some impact on himself.

Plaintiff does specifically delineate four claims at the end of his Complaint. In claim one Plaintiff alleges that four defendants have intentionally inflicted pain and suffering on him by the repeated slamming of cell doors. In claim two, Plaintiff alleges that three of the defendants have denied him mental health treatment. In claim three, Plaintiff alleges that he has been denied access to books, magazines, and periodicals. In claim four, Plaintiff alleges that four defendants have violated his Due Process rights by arbitrarily placing him in disciplinary segregation. In this same claim Plaintiff also alleges six defendants have violated his Due Process rights by confining him to his cell for a week for fighting and denying him access to showers and exercise.

In December 2008, Plaintiff filed a very similar Complaint against many of the same

defendants. (1:08CV557.) In Plaintiff's 2008 Complaint he asserted claims based on the alleged repeated slamming of the cell doors; his alleged arbitrary placement in disciplinary segregation and the lack of exercise and showers; the alleged lack of a law library or access to books and magazines in general; the alleged small meal portions; and the alleged denial of medical care. This case was dismissed on the merits. The principle of res judicata operates to bar further claims by parties or their privies based on the same cause of action that has been previously adjudicated on the merits. See Young-Henderson v. Spartanburg Area Mental Health Ctr., 945 F.2d 770, 773 (4th Cir. 1991). Consequently, Plaintiff's claims regarding slamming doors, access to books, and disciplinary segregation are barred by the principle of res judicata as they were raised and ruled upon in Plaintiff's earlier case.

Plaintiff also asserts that he suffers from depression and is not receiving the mental health care that is mandated by state law. Plaintiff names Nurse Styles, Sheriff Davis, and Prison Guard Williams as defendants to this claim. Plaintiff does not, however, state how these particular defendants are responsible for his alleged lack of treatment. He alleges no facts whatsoever linking these individuals to his generalized allegations. As such he has failed to state a claim against these defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 29 U.S.C. § 1915A**.**

Signed: March 5, 2010

Graham C. Mullen
United States District Judge